| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:
☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
■ Chapter 13

☐ Check if this an amended filing

Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy 12/17

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **1.** | **Your full name** <br><br> Write the name that is on your government-issued picture identification (for example, your driver's license or passport). <br><br> Bring your picture identification to your meeting with the trustee. | **Catherine** <br> First name <br><br> **R.** <br> Middle name <br><br> **Lueck** <br> Last name and Suffix (Sr., Jr., II, III) | First name <br><br><br> Middle name <br><br><br> Last name and Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years** <br><br> Include your married or maiden names. | Catherine Lueck <br> Catherine Ruth Lueck <br> Catie Lueck | |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-1772 | |

Debtor 1  **Catherine R. Lueck** _____  Case number *(if known)* _____

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs | ☐ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs |
| **5. Where you live** | **2818 W. Barry Avenue**<br>**Unit # 1**<br>**Chicago, IL 60618**<br>Number, Street, City, State & ZIP Code<br><br>**Cook**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br><br>_____<br>Number, Street, City, State & ZIP Code<br><br>_____<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br>_____ |

Debtor 1  Catherine R. Lueck  Case number *(if known)*

## Part 2: Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
■ Chapter 13

**8. How you will pay the fee**

☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

■ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

■ No.
☐ Yes.

| District | When | Case number |
| District | When | Case number |
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No
☐ Yes.

Debtor _____ Relationship to you _____
District _____ When _____ Case number, if known _____
Debtor _____ Relationship to you _____
District _____ When _____ Case number, if known _____

**11. Do you rent your residence?**

■ No.  Go to line 12.
☐ Yes.  Has your landlord obtained an eviction judgment against you?

  ☐ No. Go to line 12.
  ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1    Catherine R. Lueck                           Case number *(if known)*

## Part 3: Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.   Name and location of business

_____
Name of business, if any

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

## Part 4: Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.

What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____
Number, Street, City, State & Zip Code

Debtor 1 __Catherine R. Lueck_____   Case number *(if known)* _____

| Part 5: | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **15. Tell the court whether you have received a briefing about credit counseling.**<br><br>The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.<br><br>If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again. | *You must check one:*<br><br>■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>   ☐ **Incapacity.**<br>   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>   ☐ **Disability.**<br>   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>   ☐ **Active duty.**<br>   I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court. | *You must check one:*<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of**:<br><br>   ☐ **Incapacity.**<br>   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>   ☐ **Disability.**<br>   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>   ☐ **Active duty.**<br>   I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

Debtor 1  Catherine R. Lueck                                    Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ No. Go to line 16b.
■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.
☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts
_____

**17. Are you filing under Chapter 7?**

■ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
☐ No
☐ Yes

**18. How many Creditors do you estimate that you owe?**
■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**19. How much do you estimate your assets to be worth?**
■ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**
☐ $0 - $50,000
☐ $50,001 - $100,000
■ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Part 7: | Sign Below |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Catherine R. Lueck**
**Catherine R. Lueck**
Signature of Debtor 1

Signature of Debtor 2

Executed on   **May  9, 2018**
             MM / DD / YYYY

Executed on   _____
             MM / DD / YYYY

Debtor 1    **Catherine R. Lueck**    Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

| | | |
|---|---|---|
| **/s/ J. Kevin Benjamin ARDC #:** | Date | **May  9, 2018** |
| Signature of Attorney for Debtor | | MM / DD / YYYY |

**J. Kevin Benjamin ARDC #: 6202321**
Printed name

**Benjamin | Brand | LLP**
Firm name

**1016 W. Jackson Blvd.**
**Chicago, IL 60607-2914**
Number, Street, City, State & ZIP Code

Contact phone   **(312) 853-3100**      Email address   **attorneys@benjaminlaw.com**

**6202321 IL**
Bar number & State

---

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Catherine R. Lueck**                                   Case No.
Debtor(s)                                                         Chapter   **13**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:   **40**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **May 9, 2018**            /s/ Catherine R. Lueck
**Catherine R. Lueck**
Signature of Debtor

```
Aes/ufsb Spv
Po Box 61047
Harrisburg, PA 17106


Afni
Attn: Bankruptcy
Po Box 3097
Bloomington, IL 61702


Afni
Po Box 3097
Bloomington, IL 61702


Ameren Missouri
POB 88068
Chicago, IL 60680


Comcast Cable
POB 3002
Southeastern, PA 19398-3002


ComEd
Bill Payment Center
Chicago, IL 60668-0001


ComEd
POB 6111
Carol Stream, IL 60197-6111


Credit Collections Services
Attention: Bankruptcy
725 Canton Street
Norwood, MA 02062


Credit Collections Services
725 Canton St
Norwood, MA 02062


First Marblehead Education Resource
800 Boylston Street
Boston, MA 02199
```

```
Glhec
Attn: Bankruptcy
Po Box 7860
Madison, WI 53707


Glhec
Po Box 7860
Madison, WI 53707


Great Lakes Educational Loan Servic
2401 International Lane
Madison, WI 53704


Lewis and Clark Community College
5800 Godfrey Rd
Godfrey, IL 62035


National Recovery Agency
Attn: Bankruptcy
Po Box 67015
Harrisburg, PA 17106


National Recovery Agency
2491 Paxton St
Harrisburg, PA 17111


Navient
Attn: Bankruptcy
Po Box 9500
Wilkes-Barre, PA 18773


Navient
Po Box 9655
Wilkes Barre, PA 18773


Navient Private Loan Trust
POB 9640
Wilkes Barre, PA 18773


Northwestern Dental Center
201 East Huron Street
Galter 2-246
Chicago, IL 60611
```

```
Peoples Gas
Attention: Bankruptcy Department
130 E. Randolph 17th Floor
Chicago, IL 60601


Peoples Gas
PO Box 2968
Milwaukee, WI 53201-2968


Resurgence Capital, LLC
C/o Resurgence Legal Group, PC
3000 Lakeside Drive, Suite 309-S
Deerfield, IL 60015


Resurgence Capital, LLC
1161 Lake Cook Road
Suite D
Deerfield, IL 60015


RMS - Recovery Management Services
P.O. Box 505
Linden, MI 48451-0505


RMS - Recovery Management Services
P.O. Box 857
Warrenville, IL 60555-0857


RMS - Recovery Management Services
Attn: Correspondence
4200 Cantera Drive, Suite 211
Warrenville, IL 60555-0857


Security Credit Services, LLC
2653 W Oxford Loop
Oxford, MS 38655


The First Marblehead Corporation
As Master Servicer for USB Private
800 Boylston Street, 34th Floor
Boston, MA 02118


The First Marblehead Corporation
1 Cabot Road
Suite 200
Medford, MA 02155
```

```
U.S. Department of Education
Ecmc/Bankruptcy
Po Box 16408
Saint Paul, MN 55116


U.S. Department of Education
61 Forsyth Street SW
Suite 19T40
Atlanta, GA 30303


U.S. Department of Education
Po Box 4222
Iowa City, IA 52244


UFSB Private Loan SPV, LLC
800 Boylston Street
34th Floor
Boston, MA 02118


Union Federal Savings Bank
1565 Mineral Spring Avenue
North Providence, RI 02904


University of Illinois Hospital
7705 Solution Center
Chicago, IL 60677


Verizon
POB 4002
Acworth, GA 30101


Verizon
POB 660108
Dallas, TX 75226


Wells Fargo Home Equity
Attn: Bankruptcy
Po Box 29704
Phoenix, AZ 85038


Wells Fargo Home Equity
Po Box 29704
Phoenix, AZ 85038
```

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Catherine R. Lueck**
Debtor(s)

Case No. _____
Chapter **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b) OF THE BANKRUPTCY CODE

**Certification of Debtor**

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Catherine R. Lueck** | X **/s/ Catherine R. Lueck**     **May 9, 2018** |
|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor    Date |
| Case No. (if known) _____ | X _____ |
| | Signature of Joint Debtor (if any)    Date |

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. §341

**INTRODUCTION**
Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of...

(1)　　the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2)　　the effect of receiving a discharge of debts
(3)　　the effect of reaffirming a debt; and
(4)　　your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

**WHAT IS A DISCHARGE?**
The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every eight (8) years.

**WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?**
The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed for bankruptcy.

**WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?**
After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of the creditors.

Reaffirmation agreements are strictly voluntary — they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

**OTHER BANKRUPTCY OPTIONS**
You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtor's farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,347,500 ($336,900 in unsecured debts and $1,010,650 in secured debts).

**AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.**

| **/s/ Catherine R. Lueck** | **May 9, 2018** |
|---|---|
| Debtor's Signature | Date |

## 11 U.S.C. § 527(a)(2) Disclosure

In accordance with section 527(a)(2) of the Bankruptcy Code, be advised that:

1. All information that you are required to provide with a bankruptcy petition and during a bankruptcy case must be complete, accurate, and truthful.

2. All assets and liabilities must be completely and accurately disclosed, with the replacement value of each asset as defined in section 506 listed after reasonable inquiry to establish such value.

3. Current monthly income, the amounts specified in the "means test" under section 707(b)(2), and disposable income in chapter 13 cases must be stated after reasonable inquiry.

4. Information that you provide during your bankruptcy case may be audited, and the failure to provide such information may result in dismissal of the case or other sanction, including a criminal sanction.

# IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney.  THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST.  Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need.  Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you.  Be sure you understand the relief you can obtain and its limitations.  To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, and in some cases a Statement of Intention, need to be prepared correctly and filed with the bankruptcy court.  You will have to pay a filing fee to the bankruptcy court.  Once your case starts, you will have to attend the required first meeting of the creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt.  You may want help deciding whether to do so.  A creditor is not permitted to coerce you into reaffirming your debts.

If you  choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation.  You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

B2000 (Form 2000) (04/16)

# UNITED STATES BANKRUPTCY COURT
# REQUIRED LISTS, SCHEDULES, STATEMENTS AND FEES
**Chapter 13 Case**

- ☐ **Filing fee of $235.** If the fee is to be paid in installments, the debtor must file a signed application for court approval. Official Form 103A and Fed.R.Bankr.P. 1006(b).

- ☐ **Administrative fee of $75.** If the court grants the debtor's request, this fee is payable in installments.

- ☐ **Voluntary Petition for Individuals Filing for Bankruptcy** (Official Form 101). **Names and addresses of all creditors** of the debtor. Must be filed WITH the petition. Fed.R.Bankr.P. 1007(a)(1).

- ☐ **Notice to Individual Debtor with Primarily Consumer Debts** under 11 U.S.C. § 342(b) (Director's Form 2010), if applicable. Required if the debtor is an individual with primarily consumer debts. The notice must be GIVEN to the debtor before the petition is filed. Certification that the notice has been given must be FILED with the petition or within 15 days. 11 U.S.C. §§ 342(b), 521(a)(1)(B)(iii), 1307(c)(9). Official Form 101 contains spaces for the certification.

- ☐ **Bankruptcy Petition Preparer's Notice, Declaration, and Signature** (Official Form 119). Required if a "bankruptcy petition preparer" prepares the petition. Must be submitted WITH the petition. 11 U.S.C. § 110(b)(2).

- ☐ **Statement of Social Security Number** (Official Form 121). Must be submitted WITH the petition. Fed.R.Bankr.P. 1007(f).

- ☐ **Credit Counseling Requirement** (Official Form 101); **Certificate of Credit Counseling and Debt Repayment Plan,** if applicable; **Section 109(h)(3) certification or § 109(h)(4) request,** if applicable. If applicable, the Certificate of Credit Counseling and Debt Repayment Plan must be filed with the petition or within 14 days. If applicable, the § 109(h)(3) certification or the § 109(h)(4) request must be filed WITH the petition. Fed.R.Bankr.P. 1007(b)(3), (c).

- ☐ **Statement disclosing compensation paid or to be paid to a "bankruptcy petition preparer"** (Director's Form 2800). Required if a "bankruptcy petition preparer" prepares the petition. Must be submitted WITH the petition. 11 U.S.C. §110(h)(2).

- ☐ **Statement of Your Current Monthly Income, etc.** (Official Form 122C). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007.

- ☐ **Schedules of Assets and Liabilities** (Official Form 106). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

- ☐ **Schedule of Executory Contracts and Unexpired Leases** (Schedule G of Official Form 106). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

- ☐ **Schedules of Current Income and Expenditures.** (Schedules I and J of Official Form 106). Must be filed with the petition or within 14 days. 11 U.S.C. § 521(1) and Fed.R.Bankr.P. 1007(b), (c).

- ☐ **Statement of Financial Affairs** (Official Form 107). Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

- ☐ **Copies of all payment advices or other evidence of payment** received by the debtor from any employer within 60 days before the filing of the petition. Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

- ☐ **Chapter 13 Plan.** Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 3015.

- ☐ **Statement disclosing compensation paid or to be paid to the attorney** for the debtor (Director's Form 2030), if applicable. Must be filed within 14 days or any other date set by the court. 11 U.S.C. § 329 and Fed.R.Bankr.P. 2016(b).

- ☐ **Certificate About a Financial Management Course** (Official Form 423), if applicable. Must be filed no later than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under § 1328(b), unless the course provider has notified the court that the debtor has completed the course. 11 U.S.C. § 1328(g)(1) and Fed.R.Bankr.P. 1007(b)(7), (c).

- ☐ **Statement concerning pending proceedings of the kind described in § 522(q)(1)**, if applicable. Required if the debtor has claimed exemptions under state or local law as described in §522(b)(3) in excess of $160,375[*]. Must be filed no later than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under § 1328(b). 11 U.S.C. § 1328(h) and Fed.R.Bankr.P. 1007(b)(8), (c).

---

[*] Amount subject to adjustment on 4/1/19 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                            Best Case Bankruptcy